UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREG CURRY,

                Plaintiff,

                              CIVIL CASE NO. 04-40172

v.

RIDGE TOOL COMPANY, et. al,         HONORABLE PAUL V. GADOLA
                                                       U.S. DISTRICT COURT
                Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

Before the Court is Plaintiff's motion for summary judgment pursuant to Federal Rule of Procedure 56.  Also before the Court is Defendants' motion to file a sur-reply.  Plaintiff objected to the filing of the sur-reply, and both parties made requests for costs.  In order to achieve a just and efficient resolution of the matters before the Court, Defendants' sur-reply is permitted.  Neither party, however, is entitled to costs.

Having reviewed Plaintiff's motion for summary judgment and the relevant portions of the record, the Court denies Plaintiff's motion for summary judgment for the following reasons.

**I.**      **Background**

Plaintiff Greg Curry was employed as a sales representative by Defendant Urick Foundry Division ("Urick") for 17 years.  Plaintiff's last few years of employment were governed by written sales representative agreements, which were renewable annually.  After Urick did not renew Plaintiff's sales representative agreement, Plaintiff's last agreement terminated in February 2004.  Consequently, Plaintiff was no longer a sales representative for Urick.  However, under the terms

of the sales representative agreement, Urick was required to pay Plaintiff commissions for sales generated by Plaintiff's customers for 180 days after the agreement terminated so long as Plaintiff was not in violation of the sales representative agreement. Plaintiff filed this suit on June 19, 2004, alleging that Defendant breached the governing sales representative agreement by withholding $189,949.75 in commissions.

**II.     Legal Standard**

Plaintiff filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the

effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *see Celotex*, 477 U.S. at 322-23; *Matsushita*, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), *aff'd*, 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of

evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

**III.   Analysis**

Plaintiff's motion for summary judgment alleges that Defendant violated the terms of the sales representative agreement by withholding $189,949.75 in post-termination commissions. The governing sales representative agreement required Defendant to pay commissions on orders by Plaintiff's customers for an additional 180 days after termination of the sales representative agreement. Plaintiff argues that he has carried his burden of proof and that he is entitled to judgment in his favor as a matter of law.

In response, Defendants argue that there are many genuine issues of material fact that preclude a finding of summary judgment in Plaintiff's favor. The sales representative agreement states that Plaintiff is entitled to post-termination commissions on the orders that Plaintiff "solicited." Defendants argue that there is a question of fact as to whether Plaintiff "solicited" the orders on which he is claiming commissions.

Defendants further argue that Plaintiff is not entitled to its requested commissions because Plaintiff materially breached the sales representative agreement. In particular, Defendants allege that Plaintiff breached the terms of the sales representative agreement by, among other things, competing with Urick, failing to use best efforts to develop business for Urick, failing to keep Urick informed, and violating confidentiality provisions of the sales representative agreement. Plaintiff contests these allegations of breaches of contract.

At this stage of the litigation, the Court must take all the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving Defendants. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Both parties have widely differing accounts concerning the nature of Plaintiff's relationship with his employer Urick. Due to these differing accounts as to whether Plaintiff solicited the orders to which he is claiming commissions and as to whether Plaintiff breached the sales representative agreement, the Court is unable to find that there are no genuine issues of material fact and that Plaintiff is entitled to judgment as a matter of law. A judging of the evidence in support of the respective accounts of both sides is a matter appropriate for the trier of fact. Consequently, the Court declines to find summary judgment in Plaintiff's favor.

### IV.   Conclusion

For the reasons stated above, **IT IS HEREBY ORDERED** that Defendants' motion for to file a sur-reply [docket entry 56] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [docket entry 49] is **DENIED**.

**SO ORDERED.**

Dated:   March 30, 2007                                     s/Paul V. Gadola
                                                            HONORABLE PAUL V. GADOLA
                                                            UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   April 3, 2007 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
 Leif K. Anderson; Ethan A. Berghoff; James N. Martin; Kevin L .Mottatt; Kenneth F. Neuman                                                                                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                     .

        s/Ruth A. Brissaud
        Ruth A. Brissaud, Case Manager
        (810) 341-7845